Daniel, Judge,
 

 after stating the substance of the bill as above, proceeded as follows. — ■
 

 The first cause assigned for demurrer, is because the* plaintiffs have a remedy at law by action of trover or detinue.
 

 After what was done by the County Court, and the long possession of the slaves by and under the mother, (tenant for life of the legacy,) the title of the plaintiffs seems to be' admitted on both sides, to be a legal title; we also think it is a legal title. ' Rut if the plaintiffs could, by any possibility recover at law, that is not a reason sufficient, in a case like the one disclosed by this bill, why they may not also proceed in equity. The plaintiffs claim by, and seek to establish in themselves, one legal title to the slaves, as against each and all the numerous defendants now holding the same. The plaintiffs claim as executory devisees after the death of their mother, by force of the bequest in Joseph Gilbert’s will.
 
 Lord Redesdale
 
 says, courts of equity will take jurisdiction and prevent multiplicity of suits at law. And the cases in which it is attempted, and the means used for that purpose are various. With this view; where one general legal right is claimed against several distinct persons, a bill may be brought to establish the right.
 
 Milford’s Pleadings,
 
 145. Thus, where a right of fishery was claimed by a corporation throughout the course of a considerable river, and was opposed by the Lords of manors and owners of land adjoining, a bill was entertained to establish the right against the several opponents, and a demurrer was overruled.
 
 Mayor of York
 
 v.
 
 Pilkington,
 
 1
 
 Atk.
 
 282. But it is argued here by the defendants council, that this right to come into equity by a plaintiff, who claims one general legal right against several distinct persons, is confined to those cases where a judgment at law against any one of the many adverse claimants, would not quiet the plaintiff against future disturbances and trespasses, even by that very defendant himself; as in the case referred to in
 
 Atkins.
 
 If any of the defendants had been sued at law for fishing in the river un
 
 *34
 
 der their claim of a several fishery, and the plaintiffs title to a sole and separate fishery, had been established, still the plaintiff cou]d have recovered at law only for the injury which he had sustained before issuing his writ; and he would, on a second trespass even by the same defendant, be compelled to bring a'new action. That when the plaintiff having the legal title, is liable to be harrassed by a number of persons claiming the same thing adversely to that title, the plaintiff at law having no other remedy but to sue
 
 toties quoties
 
 as each and every one of those adverse claimants may make trespass, the trespass then and then only, as law cannot give complete relief, will the Court of Equity step in and give its aid, by ordering all the adverse claimants to submit their rights to one trial at law, or an action to be brought by or against one, or a few of the many claimants as may be directed. And, if the plaintiffs legal right be established on that trial, then all the adverse claimants, however numerous, shall and will, in equity, be forever enjoined, and the plaintiff forever quieted in his title and rights. And it is denied that except in cases of this kind only, will a court of equity entertain jurisdiction, to prevent a multiplicity of suits at law. The answer which we give to this argument is, that the case put by the counsel is but one among'many where equity will interfere to prevent a multiplicity of suits at law. The cases in which it is attempted, and the means for that purpose “ are various” says Lord Redesdale. The case in Atkins is put as one among many in illustration of this rule. The object of a court of equity in entertaining such a bill, is to prevent multiplicity of suits at law by determining the rights of parties upon issues directed by the court, if necessary, for its information, instead of suffering the parties to be harrassed by a number of separate suits, in which each suit would only determine the particular right in question between the plaintiff and defendant in it. The notion, that equity interposes only to prevent a multiplicity of actions
 
 toties quoties
 
 as the trespasses committed, is answered again by stating, that such a bill can scarcely be sustained, where a right is disputed between two persons only, until the right has been tried and decided at law,
 
 Mifford,
 
 146. We think the first cause of demurrer must be overruled.
 

 
 *35
 
 where one
 
 general
 
 rjijnt is claimed in againsnse-¿^^íde" murrér for ^¡ness*" available**6 although’ ^8dlcf°im “raidistiuci titles,
 

 pkimiffbo-equity to multiplicity dfnm-Uv °r" must ésta-ule at law, be dispensed heUcannot° }®“b®r1.eaa1L ^ objection, ^^ber of Part'ies — bis ofthe?"00 thelike8"*1
 

 The second cause assigned for demurrer, is for multifariousness. It is said, that the interest, of each of the defendants is separate, and that neither one has any concern in the defence of their co-defendants. The court will not permit a plaintiff, to demand by one bill several matters of different ■natures against several defendants; for this would tend to o ■ load each defendant with an unnecessary burthen of cost, by swelling the pleadings with the state of the several claims of the other defendants, with which he has no con-nexion. ■ But a demurrer of this kind will hold only, when the plaintiffs claim several matters of different natures. But when one general right is claimed by the bill, though the defendants have separate and distinct rights, a demurrer will not hold,
 
 Mitford,
 
 182.
 
 Dunn
 
 v.
 
 Dunn, 2 Sim. 329. Maud
 
 v.
 
 Acklon,
 
 Ibid. 381. The plaintiffs do not claim several separate and distinct rights, in opposition to the several separate and distinct rights claimed by the defendants. But they claim one general and entire right, though it may be •opposed by distinct rights claimed' by the several defendants.
 
 Mitford,
 
 182.
 
 Berke
 
 v.
 
 Harris Hardrefs, 337,
 
 This ground of demurrer is therefore overruled.
 

 The third cause of demurrer assigned
 
 ore tenus
 
 is, that the plaintiffs should have established their titles at law, least in one action, before they filed their bill. The. answer is, that indeed in most cases it is held, that the plaintiffs ought to establish his right by a determination of a court of law in his favor, before he files his bill in equity,
 
 Mitford
 
 146, (3 American Edit.) But it is not always necessary to establish a right at Jaw before filing a bill, as in cases of owners of patents, copy-rights, &c., where the right appears of record.
 
 Ibid
 
 147. Nor will it be required where there are not the ordinary means of trying it at law.
 
 Ibid
 
 147. In this case from the vast number of the parties interested, and the difficulty of ascertaining them without the aid of this court, it is not practicable to bring a suit at law in which the plaintiffs will not be exposed to defeat upon technical objections. And if a suit at law should be deemed neces-gary to establish the title, that suit can be brought under the direction of a court of equity with all the requisite facilities for a trial upon its merits. This cause of demurrer, we think is not sufficient.
 

 
 *36
 
 Notwithstanding it is a rule in a?iUpersons having an
 
 interest'
 
 in. the subject suit^must to 'n rti°>et this fule is
 
 dispensed'V
 
 •with, if they are unknown.
 

 The fourth
 
 cause of demurrer, assigned also
 
 ore tenus,
 
 is that by their own shewing on the face of the bill, have not made all the proper and necessary parties, there being other persons who are interested in the executory devise.
 

 The old rule, that all persons having any charge upon, or . ’ ,1
 
 J s> r
 
 ’ interest m the estate, however numerous, must be made parties, has been dispensed with for purposes of convenience, when it is impracticable, or extremely difficult to make them
 
 1
 
 parties. 11
 
 Ves.
 
 429.
 
 2 Mad.
 
 c
 
 p.
 
 182. 1
 
 John C. H.
 
 Rep. 349. 437. When a sufficient reason to excuse the defect Parties is suggested by the bill, as when a personal representative (as here) is a necessary party; and the bill states that the representation is in contest in the ecclesiastical court, an objection for want of parties will not hold. 2
 
 Atk.
 
 51. 2
 
 Mad. c. p.
 
 178. The plaintiffs have stated in their bill, that several of the children of Mary Ann Gregory removed out of the State and have died abroad, and that there are no representatives on their estates in this state. Neither are there any administrators on the estates of John and Mary A. Gregory, and therefore it is impracticable to make them parties. — If the persons interested are out of the jurisdiction of the court, and it is stated so in the bill and proved, it is not necessary to make them parties. And though, in these cases the court cannot compel them to do any act, it can proceed against the other parties ; and if the disposition . of the property is in the power of such other parties, the court may act upon it.
 
 Smith
 
 v.
 
 Hobernia, w.
 
 1
 
 Sch. 2
 
 &
 
 Rep.
 
 240.
 
 Williams
 
 v.
 
 Wingates, 2
 
 Bro.
 
 C. C.
 
 399,1
 
 Jac.
 
 &
 
 Walk,
 
 369. The plaintiffs in this bill,-admit the rights of their deceased father, mother, brothers and sisters ; and also the rights of those alive who reside out of the state. They allege the want of administration on the estates of the deceased persons, and the absence of others, as one reason why they did not proceed at law. The rights of the plain- . tiffs, which may be ascertained under a decree in this case as just demands, will hereafter be binding on those interested, who are not now parties to this bill. But those not parties will not be bound by any account taken in this cause, until they have the means to contest the facts. 1
 
 Mad. Rep.
 
 529.
 
 Mitford,
 
 171.
 
 Good v. Blewitt,
 
 19,
 
 Ves.
 
 336
 
 *37
 
 This may be an inconvenience to the defendants; but a greater inconvenience would exist on the other side, if the plaintiffs should be entirely deprived of their rights, because according to the old rule, all interested were riot parties; when the plaintiffs show that it is impracticable to make them parties. The law will not force the plaintiffs to be at the responsibility of administering on the estates of all the deceased relations.
 

 We are of the opinion that the demurrer must be overruled, and the decree below affirmed with costs.
 

 Per Curiasi. Order affirmed.